IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CODY JOHN JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-077 |
| | ) | |
| ADA COORDINATOR TERRELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Central State Prison in Macon, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

    **A.     BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) ADA Coordinator Terrell, (2) Counselor Jackson, (3) Deputy Warden Pascal, and (4) Deputy Warden Harman. (Doc. no. 1, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 20, 2022, Plaintiff completed an ADA accommodation form requesting a pocket talker for a hearing impairment while housed at ASMP. (Id. at 4-5.) Defendant Terrell signed that Plaintiff submitted the form and gave him a receipt. (Id. at 5.) Never receiving a response, Plaintiff filed a grievance on April 10, 2023. (Id.) Plaintiff believes he should have received a response within twenty-five days of submitting the form. (Id.) On May 15, 2023, Defendant Harman approved the request. (Id.) On May 26, 2023, however, Defendant Jackson refused to sign the form and Defendant Pascal refused to order Defendant Jackson to sign it. (Id. at 4-5.) Plaintiff has missed meals because of "not hearing chow call." (Id. at 5.) For relief, Plaintiff requests accommodations for his disability and monetary damages. (Id.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Claim Against Defendants Terrell and Harman

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Terrell and Harman as Defendants, Plaintiff only once mentions Defendant Terrell when stating that

3

Defendant Terrell signed that Plaintiff submitted his ADA form. (See generally doc. no. 1.) Plaintiff also only once mentions Defendant Harman when noting that Defendant Harman approved the ADA form in May 2023. (Id.) However, Plaintiff does not make any allegations associating either of these Defendants with any purported constitutional violations. (Id.) Dismissal of Defendants Terrell and Harman is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

### 3. Plaintiff Fails to State a Valid ADA Claim

Title II of the Americans with Disabilities Act ("ADA") prohibits public entities from discriminating against an individual with disabilities or denying them services because of their disabilities. See 42 U.S.C. § 12132. Because only public entities are liable for these violations, claims against defendants in their individual capacities fail. Mazzola v. Davis, 776 F. App'x 607, 610 (11th Cir. 2019) (*per curiam*) (citations omitted). Title II supports claims under three theories of discrimination: intentional discrimination, disparate treatment, or a failure to make reasonable accommodations. See Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008); see also Friedson v. Shoar, 479 F. Supp. 3d 1255, 1263 n.6 (M.D. Fla. 2020) (citing the same). The Court discerns here that Plaintiff is asserting an ADA claim under the reasonable accommodations theory. (See generally doc. no. 1.)

To succeed on a Title II claim under a failure to reasonably accommodate, a plaintiff must demonstrate: (1) he is a qualified individual with a disability; (2) he lacked meaningful access to the benefits of a public entity's services, programs, or activities by reason of his disability; and (3) the public entity failed, despite a request, to provide a reasonable accommodation for his disability. Todd v. Carstarphen, 236 F. Supp. 3d 1311, 1327-28 (N.D. Ga. 2017) (citing Nadler v. Harvey, 2007 WL 2404705, at *5 (11th Cir. Aug 24, 2007)).

While Plaintiff alleges a hearing impairment without any supporting details, the Court will assume he satisfies the first element of being a qualified individual with a disability. See, e.g., Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1268 & n.2 (11th Cir. 2014) (explaining "the establishment of coverage under the ADA should not be overly complex nor difficult" (quoting H.R. REP. NO. 110-730, at 9 (2008))); see also Smith v. Dunn, 568 F. Supp. 3d 1244, 1254 (M.D. Ala. Oct. 17, 2021) ("The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more major life activities" (quoting 42 U.S.C. § 12102(1)(A))).

Regarding the second and third elements, Plaintiff does not provide any evidence that he lacked meaningful access to benefits of ASMP's public services, programs, or activities by reason of his disability. Instead, Plaintiff argues he sometimes misses meals because of his hearing impairment, so he needs a pocket talker. (See generally doc. no. 1.) Only occasionally missing meals does not rise to the level of deprivation contemplated by the ADA and such assertion does not show prison officials themselves denied Plaintiff access to any services. See Ganstine v. Secretary, Florida Department of Corrections, 502 F. App'x 905, 910 (11th Cir. 2012) (*per curiam*) (holding inmate using wheelchair was not denied meaningful access to prison services though inmate claimed he "was unable to access certain areas of the prison," but admitted, "inmate orderlies were available 'most of the time' to push his wheelchair wherever he needed to go."); Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1075, 1085-89 (11th Cir. 2007) (holding deaf plaintiff had meaningful communication with police even though interpreters were denied and communication was not "perfect" because plaintiff acknowledged he "usually understands fifty percent of what is said" and "understood that he was being asked to perform field sobriety tests."); see also Ealy v. Corizon, No. 5:17-CV-

5

304/TKW/EMT, 2019 WL 6255916, at *6 (N.D. Fl. Oct. 7, 2019) ("Although Plaintiff complains one aide refused to assist him, causing him to miss (an unidentified number of) meals and unspecified activities, this does not show that prison officials denied Plaintiff services (i.e., meals and access to the cafeteria and activities), much less that they did so by reason of his disability."). In sum, Plaintiff fails to state a valid ADA claim.

### 4. Plaintiff Fails to State a Deliberate Medical Indifference Claim Against Defendants Jackson and Pascal

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the

6

prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

To the extent Plaintiff may be attempting to bring a medical deliberate indifference claim for refusal of his request for a pocket talker, the claim fails. Plaintiff does not describe his hearing impairment at all, (see generally doc. no. 1), and certainly not in a manner showing the condition is so obvious a layperson would recognize the necessity for medical attention. Nor does Plaintiff allege he has not received proper medical attention for his hearing impairment or has suffered any injuries from the absence of medical treatment. For these reasons, Plaintiff fails to state a medical deliberate indifference claim against Defendants Jackson and Pascal.

### 5. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing all Defendants in only their official capacities. (Doc. no. 1, pp. 2-3.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of December, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA